**SO ORDERED.**

**SIGNED October 7, 2019.**



_____
**STEPHEN D. WHEELIS**
**UNITED STATES BANKRUPTCY JUDGE**
_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

**IN RE: LUCILLE M. SANDERS**                          **CASE NO. 19-30486**

### MEMORANDUM RULING FROM COURT'S ORDER TO SHOW CAUSE

**Summary of the Record Leading to the Court's Order to Show Cause**

This matter came before the Court on August 16, 2019, when PMB Rentals, LLC ("PMB") filed a Motion for Relief from the Automatic Stay and noticed it for a hearing on an "if and only if" basis. (ECF No. 27.) On August 27, 2019, the CM/ECF Order Transaction Report reflects that counsel for PMB, George Snellings, using his Court-issued MC/ECF password, uploaded an Order on the Motion. There being some error in the Order, the Clerk rejected the Order, sending Mr. Snellings an email that requested he resubmit the Order. On August 28, 2019, the CM/ECF Order Transaction Report reflects that Mr. Snellings, again using his Court-issued MC/ECF password, uploaded an Order on the Motion. That Order was held by the Clerk pending the expiration of the Response Deadline in the Notice of Hearing.

The Response Deadline for Objections to the Motion expired on September 3, 2019 with no Objection filed. The Court first reviewed the Motion when the Order was submitted to Chambers for *ex parte* consideration pursuant to LBR 4001-1(D) on September 4, 2019, at which time the Court found the pleadings submitted were not in proper form in the following non-exhaustive ways:

1. The Motion failed to comply with LBR 4001-1(D) in establishing that relief was warranted as prayed for in that the Motion sought stay relief against the Debtor on behalf of PMB, who was not a party to the Rental Purchase Agreement attached to the Motion. Rather, the agreement reflected the original creditor was "West Sandy Rentals, LLC," and in a barely legible stamp, that Iberia Bank had an assignment interest in the contract.

2. The Motion failed to comply with LBR 4001-1(D) in establishing that relief was warranted as prayed for by failing to attach an affidavit of default or the post-petition pay history required by Standing Order Regarding Required Attachment to Motions for Relief from Stay for Cases in the Shreveport, Monroe and Alexandria Divisions of the Western District of Louisiana entered on November 21, 2007.

3. The Order purported that an agreed resolution had been reached by "Warren L. Tadlock, Chapter 13 Standing Trustee," who is not the Chapter 13 Trustee assigned to this case.

4. The Order that was submitted would allow "Southern Lease Mgmt. Group, LLC" stay relief "without further action" on the part of the movant if the Debtor did not comply with the terms of the payment agreement.

5. The Order submitted contained the electronic signatures of Debtor's counsel, Elijah Orum Young, III; Chapter 13 Trustee, E. Eugene Hastings; and a "Mr. Jonathan Williams" whose signature line provided "Nelson, Zentner, Sartor, & Snellings, LLC – Attorney for PMB Rentals, LLC- Creditor." Mr. Williams signature did not include a Louisiana Bar Roll number, and to the Court's knowledge, no such attorney had appeared or was admitted to practice in the Western District of Louisiana.

Based on the glaring inconsistencies in the pleadings and submitted Order, on September 6, 2019 the Court ordered that the Motion be set for hearing on September 19, 2019 and the Court Ordered that George M. Snellings, IV; Debtor's counsel, Elijah Orum Young, III; Chapter 13 Trustee, E. Eugene Hastings; and Mr. Jonathan Williams appear to address multiple issues and inconsistencies in the pleadings and the proposed Agreed Order. The Order notified counsel to show cause why sanctions or other relief should not be imposed under Bankruptcy Rule 9011. The Order was docketed on September 6, 2019, and Mr. Snellings was served electronic notice at his firm email address (gsnellings@nzsslaw.com) and to another firm email address listed on his Request for Notice (ajarrel@nzsslaw.com) according to the CM/ECF receipt on 8:41 a.m. on September 6, 2019.

On September 17, 2019, Mr. Snellings contacted Chambers to request a continuance of the hearing, informing Chambers that he had just discovered the Order entered on September 6, 2017, and denied ever receiving the emailed electronic notice of the Order. However, the CM/ECF Order Transaction Report

reflects that a new "Consent Order to Resolve the Motion for Relief from or to Lift Stay" was uploaded for the Court's consideration on September 11, 2019, which corrected some of the discrepancies of the prior submitted Order and contained the electronic signatures of Mr. young, Mr. Hastings, and replaced the electronic signature of Mr. Williams with that of George M. Snellings, III. Since Mr. Snellings stated he received actual knowledge of the Court's September 6 Order on September 17, 2019, yet another inconsistency emerged.

Thereafter, on September 17, 2019, Mr. Snellings filed a Joint Motion to Continue the hearing, in which he revealed that Mr. Jonathan Williams is an attorney for PMB Rentals in Hillsborough, North Carolina. (ECF No. 33.) On September 18, 2019, Mr. Snellings filed an Amended Joint Motion to Continue, in which he states, "The Trustee's signature was inadvertently added to the Order without the knowledge of the Trustee. The Trustee has no objection to the request for a continuance for the reasons set forth." (ECF No. 34.)

On Amended Joint Motion of Counsel for a continuance, the Court held a telephonic status conference on September 18, 2019 with all of the counsel who had been ordered to appear. At that telephonic conference it was revealed that Mr. Williams is a not a member of Mr. Snellings law firm, is not admitted to practice in the Western District of Louisiana, has no involvement in this case whatsoever, but is an attorney licensed to practice in North Carolina, Alabama and Tennessee. Mr. Snellings stated on the record that all of the issues and deficiencies were generated by his office and that he was prepared to address them. Based on the agreement of the parties, the Court continued the matter to October 3, 2019 and excused the appearance of Mr. Williams.

**Law and Analysis**

**The Bankruptcy Court's Jurisdiction and Inherent Power to Regulate the Conduct of Practicing Attorneys**

This Court has jurisdiction over the motions pursuant to 28 U.S.C. § 1334 and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. Venue is proper pursuant to 28 U.S.C. § 1409. The matter came before the Court on Motion for Relief from the automatic stay, a core proceeding pursuant to 28 U.S.C. 157(b)(G).

This Court maintains the power to police and to take action with respect to the conduct of the attorneys who appear in this Court. *Chambers v. NASCO*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328, 332 (5th Cir.2008). "[T]here can be no more fundamental exercise of core subject matter jurisdiction by the bankruptcy court than its policing of professionals." *In re Brackens*, 598 B.R. 420, 423 (Bankr. W.D. La. 2019) quoting *In re*

3

*Douglas*, 304 B.R. 223, 232 (Bankr. D. Md. 2003). The Court is also authorized under Local District Court Rule 83.2.10 to take limited action to initiate disciplinary proceedings. [1]

>The Bankruptcy Court has jurisdiction, based on its inherent power and under Rule 9011(c) to consider imposing sanctions.
>
>The Bankruptcy Court has inherent power to impose sanctions for abusive litigation tactics. *See, e.g., F.D.I.C. v. Maxxam, Inc.,* 523 F.3d 566, 590–594 (5th Cir.2008) (stating that court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs") (emphasis in original); *Matter of Case*, 937 F.2d 1014, 1023 (5th Cir.1991) (holding that Bankruptcy Court "has the inherent power to award sanctions for bad-faith conduct in a bankruptcy court proceeding"). Additionally, Bankruptcy Rule 9011(c)(1)(B) clearly anticipates that sanctions may be on the Bankruptcy Court's "own initiative." Fed. R. Bankr. R. 9011(c)(1)(B); *Matter of Sadkin*, 36 F.3d 473, 476 n. 3 (5th Cir.1994); *In re Stewart*, 2009 WL 2448054, * 13 (E.D.La.2009).

*In re Butan, N.V.*, No. 07-36856, 2009 WL 6509350, at *4 (S.D. Tex. Sept. 15, 2009).

**Requirements under the Local Rules and Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means**

Electronic signatures on pleadings are governed by Local District Court Rule 5.7.08 and the Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means ("Administrative Procedures") maintained by the Clerk of the United States Bankruptcy Court pursuant to LBR 5001-4. Local District Court Rule 5.7.08 provides:

>The user log-in and password required to submit documents to the Electronic Filing System shall be the User's signature for all purposes. Documents requiring signatures of more than one party must be electronically filed either by:
>(1) submitting a scanned document containing all necessary signatures;
>(2) indicating the consent of the parties who did not electronically file the document.
>Consent may be indicated by the filer by including an "s/ and the name of the consenting attorney(s)" on the document to be filed electronically (e.g. AS/John Doe,@ As/Jane Smith,@etc.). By using As/ and another attorney=s name@ the filing attorney certifies that each of the other signatories has expressly agreed to the form and substance of the document and that the filing attorney has their actual authority to submit the document electronically.

---

[1] LR83.2.10 provides in pertinent part:
Attorney Discipline
A. Initiation of Disciplinary Proceedings
1. Any judge of this Court including a Bankruptcy Court judge may take limited action to initiate disciplinary proceedings in accordance with Section B.2. . . .
B.2. For fines or suspensions of 90 days or less, the judge may take action directly without approval of the active judges of the court or the Chief Judge. For suspensions greater than 90 days or disbarments, the Judge shall refer these proceedings to the Chief Judge of this court for processing in the same manner.

4

The filing attorney shall retain any records evidencing this concurrence for future production, if necessary, until 1 year from the expiration of all time periods for appeals. A non-filing signatory or party who disputes the authenticity of an electronically filed document containing multiple signatures or the authenticity of the signatures themselves must file an objection to the filing of the document within 14 days from service of the document.

The Administrative Procedures provide that use of the participant's login/password shall constitute the signature of the participant as set forth in Section VIII, which states:

A. Use of the participant's login/password constitutes the participant's signature for all purposes for documents, which are required to contain original signatures.

B. Any document containing original signatures shall indicate on the electronically filed document a signature by noting - "/s/Jane Doe." The originally executed document shall be maintained by the filer.

C. Except as provided otherwise by the Administrative Procedures, all pleadings and other documents including motions, petitions, lists, schedules and statements, amendments, pleadings, affidavits, and other documents that contain original signatures shall be filed electronically.

. . .
D. The following procedure applies when a stipulation or other document requires two (2) or more signatures:

1. The filing attorney or party originating the document shall initially confirm that the content of the document is acceptable to all persons required to sign the document and shall obtain the signatures of all parties on the document. For purposes of this rule, physical, facsimile or electronic signatures are permitted. A document may be signed in counterparts. Federal Rule of Bankruptcy Procedures 9011.

2 .The filing attorney or party shall file the document electronically, indicating the signatories, e.g., "/s/Jane Doe."

3. The filing attorney or party shall maintain the original signed document as set forth in Part VII.

Pursuant to Local District Court Rule 5.7.08 and the Administrative Procedures, Mr. Snellings' electronic signatures on the pleadings and proposed Orders submitted to this Court constitute his actual signature under Fed. R. Bankr. P. 9011(a).  By use of his CM/ECF password as filing attorney he also "confirmed" that the electronic signatures of other attorneys were obtained after initially confirming that the content of the document was acceptable Mr. young, Mr. Hastings and Mr. Williams, and that he obtained the physical, facsimile or electronic signatures Mr. young, Mr. Hastings and Mr. Williams on the document.

5

Pursuant to the representations made by the attorneys as officers of the court during the telephonic conference held on the record on September 18, 2019 and the hearing on October 3, 2019, the Court finds this was not the case, and that the CM/ECF filing privileges were misused and/or abused.

**Rule 9011 Violation**

"Federal Rule of Bankruptcy Procedure 9011 has important implications for attorneys who electronically file documents with this Court, or, for that matter, any bankruptcy court." *In re Bradley*, 495 B.R. 747, 778 (Bankr. S.D. Tex. 2013) citing *In re Stomberg*, 487 B.R. at 806–07. Bankruptcy Rule 9011(b) provides in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Bankr. P. 9011 (West).

The Court held a pre-trial conference on October 3, 2019 with all counsel present, during which Mr. Snellings acknowledged the deficiencies, his responsibility for same and consented to remedial measures proposed by the Court. The Court finds Mr. Snellings violated 9011(b) and Local District Court Rule 5.7.08 in affixing signatures of attorneys on pleadings for whom Mr. Snellings did not have actual documented permission to do so, which is admitted in both the hearing before this Court on October 3, 2019, but also in the Amended Joint Motion to Continue, in which he states, "The Trustee's signature was inadvertently added to the Order without the knowledge of the Trustee. The Trustee has no objection to the request for a continuance for the reasons set forth." (ECF No. 34.) The Court further finds the numerous inaccuracies in the Motion, attachments and the proposed Orders violated Bankruptcy Rule 9011(b)(2) and

(3) in asserting that the claims and legal contentions therein warranted relief and that the factual contentions had evidentiary support.

The basic principle governing the choice of sanctions is that the least severe sanction adequate to serve the purpose should be imposed. *Thomas v. Capital Sec. Servs., Inc*., 836 F.2d 866, 878 (5th Cir. 1988) citing *Boazman v. Economics Laboratory, Inc*., 537 F.2d 210, 212–13 (5th Cir.1976). The sanction imposed should be the least severe sanction adequate to the purpose of Rule 11. *Id.*

The Court finds the sanction least severe, but most adequate to address the violation, is to suspend the CM/ECF filing privileges of Mr. Snellings and the use of his CM/ECF password until such time as he and his entire staff, including anyone under his supervision who files or utilizes his CM/ECF password have completed the CM/ECF training course offered by the Clerk of the Bankruptcy Court in Alexandria, Louisiana. Privileges will be reinstated only upon Motion and Certification to the Court that training has been completed, providing the names of each person trained. A separate and conforming order will be entered.